## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2007-AL1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AL1, a New York corporation,<br><br>Plaintiff,<br>vs.<br><br>HIGHLAND RANCH HOMEOWNERS ASSOCIATION, a Nevada corporation; AIRMOTIVE INVESTMENTS, LLC, a Nevada limited liability company; LETICIA RANGEL DE LOPEZ, an individual; LUIS LOPEZ-LANDEROS, an individual; DOES 1 through 10, inclusive, and ROES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:17-cv-00115-LRH-VPC<br><br>**STIPULATION AND ORDER DISMISSING ACTION AS TO HIGHLAND RANCH HOMEOWNERS ASSOCIATION** |

PLEASE TAKE NOTE that Plaintiff The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-AL1, Mortgage Pass-Through Certificates, Series 2007-AL1 (**BoNYM**), and Defendant Highland Ranch Homeowners Association (**Highland Ranch**), by and through their respective counsel of record, hereby stipulate and agree that the above-entitled action shall be dismissed without prejudice subject to the tolling agreement attached as **Exhibit 1**, and in accordance with Fed. R. Civ. P. 41(a)(2) as to Highland Ranch only. Each party shall bear its own attorney's fees, prejudgment interest, and costs of suit.

DATED this 25th day of May, 2018.

| **AKERMAN LLP** | **KERN & ASSOCIATES, LTD.** |
|---|---|
| /s/ William S. Habdas | /s/ Karen M. Ayarbe |
| ARIEL E. STERN, ESQ.<br>Nevada Bar No. 8276<br>WILLIAM S. HABDAS, ESQ.<br>Nevada Bar No. 13138<br>1635 Village Center Circle, Suite 200<br>Las Vegas, NV 89134<br><br>*Attorneys for The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-AL1, Mortgage Pass-Through Certificates, Series 2007-AL1* | GAYLE A. KERN, ESQ.<br>Nevada Bar No. 1621<br>KAREN M. AYARBE, ESQ.<br>Nevada Bar No. 3358<br>5421 Kietzke Lane, Suite 200<br>Reno, NV 89511<br><br>*Attorneys for Highland Ranch Homeowners Association* |

**ORDER**

IT IS SO ORDERED.

DATED this 29th day of May, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

## INDEX TO EXHIBITS

Exhibit 1                  Tolling Agreement

# EXHIBIT 1

Tolling Agreement

## TOLLING AGREEMENT

New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, servicer for The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-AL1, Mortgage Pass-Through Certificates, Series 2007-AL1 ("BoNYM") (collectively "Shellpoint" or "Plaintiffs") and Highland Ranch Homeowners Association ("HOA") ("Parties") enter into this Tolling Agreement as of the date all signatories below have executed the Tolling Agreement (the "Effective Date").

### RECITALS

1. In November 2006, Leticia Rangel De Lopez and Luis Lopez-Landeros (collectively, "Borrower") purchased real property located at 6185 Arapaho Drive, Sun Valley, NV 89433 (the "Property"). To finance this purchase, Borrower took out a loan in the amount of $229,600.00, which was secured by a deed of trust executed in favor of Alliance Bancorp (the "Deed of Trust"). This Deed of Trust was recorded in the Washoe County Recorder's Office on December 4, 2006, as Instrument Number 3470178.

2. The HOA recorded a Notice of Delinquent Assessment Lien in the Washoe County Recorder's Office on October 1, 2010, as Instrument Number 3928927 (the "Lien").

3. The Lien was foreclosed on March 28, 2013, as reflected in the Foreclosure Deed recorded in the Washoe County Recorder's Office on April 19, 2013, as Instrument Number 4228101.

4. On February 22, 2017, BoNYM filed a complaint in the United States District Court, District of Nevada, Reno, Case No. 3:17-cv-00115-LRH-VPC, alleging that the HOA's foreclosure sale did not extinguish its Deed of Trust. (the "Litigation"). The HOA answered the complaint on May 15, 2017 (the "Tolling Date").

5. In consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties covenant and agree as follows:

### TERMS

6. The Parties agree that any claims Plaintiffs did assert or could have asserted against the HOA in the Litigation (the "Tolled Claims") are tolled as of the Tolling Date and remain tolled until this Tolling Agreement is terminated, and that any statute of limitations, statute of repose, or similar defense based upon the lapse of time or not asserting a claim shall be tolled and suspended as of the Tolling Date and will remain tolled until this Tolling Agreement is terminated, and that the HOA agrees not to raise, plead, or assert any such defense for any time period from the Tolling Date until this Tolling Agreement is terminated. By way of illustrating the intended effect of this Tolling Agreement only, if six (6) months remain under an applicable statute of limitation, statute of repose, or other limitation period as of the Tolling Date, then such six (6) month period of time shall remain available to bring the Tolled Claims after the Tolling Agreement is terminated.

7. This Tolling Agreement shall inure to the benefit of Plaintiffs' successors and assigns under the Deed of Trust.

44854977;1

44925571;1

45233480;1

8. The objective of this Tolling Agreement is to preserve the *status quo* as of the Tolling Date, and this Tolling Agreement shall not operate to revive any claims or causes of action that were otherwise barred by any applicable limitations period (whether legal, equitable, statutory, contractual, or otherwise) prior to the Tolling Date.

9. This Tolling Agreement cannot be terminated until the conclusion of the Litigation, including all appeals. After the conclusion of the Litigation, the HOA can terminate this Tolling Agreement by sending written notice to Plaintiffs' counsel at the following address: Akerman LLP, 1635 Village Center Circle, Suite 200, Las Vegas, NV 89134.

10. Nothing contained in this Tolling Agreement is intended to be, or shall be treated as, an admission of (a) any liability; (b) facts upon which liability could be based; or (c) the validity or waiver of any claim or defense other than the tolling described in Paragraph 6 above.

Dated: 5/22, 2018

Authorized Representative of Highland Ranch Homeowners Association

Name: ROBERT L. KEMP
Title: VICE PRESIDENT

Dated: 5/25, 2018

Attorney in Fact for The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-AL1, Mortgage Pass-Through Certificates, Series 2007-AL1

Name: William S. Habdas
Title: Attorney

44854977;1
44925571;1
45233480;1