UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2007-AL1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AL1, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>HIGHLAND RANCH HOMEOWNERS ASSOCIATION, a Nevada corporation; AIRMOTIVE INVESTMENTS, LLC, a Nevada limited liability company; LETICIA RANGEL DE LOPEZ, an individual; LUIS LOPEZ-LANDEROS, an individual; DOES 1 through 10, inclusive, and ROES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:17-cv-00115-LRH-CBC<br><br>ORDER |

Plaintiff, Bank of New York Mellon, FKA The Bank of New York as Trustee for the

Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-AL1, Mortgage Pass-Through

Certificates, Series 2007-AL1 ("BoNYM"), moves this court for default judgment against

defendants Leticia Rangel De Lopez (ECF No. 50) and Luis Lopez-Landeros (ECF No. 51)

pursuant to Federal Civil Procedure Rule 55. Defendants have failed to respond. Because the

requirements of default judgment are met in this case and relief is warranted, the court will grant

BoNYM's motion and order the clerk of court to enter judgment in its favor.

## I.   BACKGROUND

This matter arises from a nonjudicial foreclosure sale by Highland Ranch Homeowners Association ("Highland Ranch") on real property located at 6185 Arapaho Drive, Sun Valley, Nevada 89433 ("the property") under Nevada Revised Statute ("NRS") § 116.3116 *et. seq.* ECF No. 1 ¶ 6; ECF No. 34 at 2. In 2006, Leticia Rangel de Lopez and Luis Lopez-Landeros ("borrowers") purchased the property, executing a deed of trust with lender Alliance Bankcorp and designating Mortgage Electronic Registration Systems Inc. (MERS) as the beneficiary, in the amount of $229,600.00. ECF No. 1 ¶ 8; ECF Nos. 34-1; 43-1. The deed was recorded in the Washoe County Recorder's Office on December 4, 2006, Document Number 3470178. ECF Nos. 34-1; 43-1. MERS subsequently assigned the deed of trust to BoNYM and recorded the assignment in the Washoe County Recorder's Office on July 30, 2013. ECF No. 34-4.

After the borrowers failed to pay their HOA assessments, Highland Ranch filed the applicable notices regarding foreclosure on its superpriority lien. *See* ECF Nos. 34-5; 34-6; 34-7; 43-2; 43-3; 43-5. Miles, Bauer, Bergstrom & Winters, LLP ("Miles"), counsel for MERS as nominee for Bank of America, attempted to tender the superpriority total to Highland Ranch in order to discharge the HOA's senior lien. ECF No. 34-8. However, Highland Ranch refused to accept tender stating it was impermissibly conditional. ECF No. 43-4. Highland Ranch then held a nonjudicial foreclosure sale on or around March 28, 2013, and the property was ultimately conveyed to Airmotive Investments, LLC ("Airmotive") via quitclaim deed on February 29, 2016. ECF Nos. 34-9; 34-11; 34-6; 48-8.

Approximately one year later, BoNYM brought suit against Airmotive, Highland Ranch, and the borrowers, alleging one cause of action, quiet title, and seeking this court declare Highland Ranch's foreclosure sale void *ab initio* and/or that the foreclosure did not extinguish its first deed of trust. ECF No. 1. After the borrowers failed to answer, move, or otherwise plead before this court, the Clerk entered notice of default against Luis Lopez-Landeros and Leticia Rangel De Lopez on July 7, 2017. ECF No. 23. Per stipulation, the court dismissed Highland Ranch on May 29, 2018. ECF No. 36. On February 25, 2019, this court then granted BoNYM's motion for partial summary judgment finding that because the tender was proper and

unconditional, Airmotive took title to the property subject to the first deed of trust. ECF No. 49.

BoNYM now moves this court for default judgment against the borrowers. ECF Nos. 50, 51.

## II.     LEGAL STANDARD

Obtaining a default judgment is a two-step process governed by Federal Rule of Civil

Procedure 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, Rule 55(a) provides,

"[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

party's default." Second, after the clerk enters default, a party must seek entry of default

judgment under Rule 55(b). Nevertheless, while entry of default by the clerk is a prerequisite to

default judgment, "[e]ntry of default does not entitle the non-defaulting party to a default

judgment as a matter of right." *In re Villegas*, 132 B.R. 742, 746 (9th Cir. BAP 1991).

Rather, granting or denying relief is within the court's discretion. *Id.* The Ninth Circuit

has identified seven relevant factors in determining whether to grant default judgment: (1) the

possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the

sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a

dispute concerning the material facts; (6) whether the default was due to excusable neglect; and

(7) the strong policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

The court takes the well-pleaded factual allegations in the non-defaulting party's

complaint as true, except as to the amount of damages. *Televideo Sys., Inc. v. Heidenthal*, 826

F.2d 915, 917-18 (9th Cir. 1987). Finally, "[a] default judgment must not differ in kind from, or

exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).

## III.    DISCUSSION

The court finds that default judgment is warranted in this case. First, BoNYM has

satisfied the procedural requirements for default judgment: both defendants were properly

///

///

///

///

served[1] and failed to respond, BoNYM acquired the clerk's entry of default on July 7, 2017,

(ECF No. 23), and there is no reason to believe either defendant is a "minor or incompetent

person. . . ." FED. R. CIV. P. 55(b)(2).

Moreover, the applicable *Eitel* factors weigh in favor of granting this relief. First,

"[c]ourts in this district hold that a defendant's failure to respond or otherwise appear in a case

'prejudices a plaintiff's ability to pursue its claims on the merits,' and therefore satisfies this first

factor." *Bank of America, N.A. v. Terraces at Rose Lake Homeowners Ass'n*, Case No. 2:16-cv-

01106-GMN-PAL, 2018 WL 4778033, at *4 (D. Nev. Oct. 2, 2018); *see e.g.*, *Tropicana Entm't

Inc. v. N3A Mfg., Inc.*, Case No. 3:16-cv-0257-LRH-VPC, 2018 WL 2088871, at *2 (D. Nev.

May 3, 2018) ("Tropicana will be severely prejudiced if a default judgment is not entered

because defendants have shown an unwillingness to appear or otherwise defend themselves in

this action . . .."); *Summit Canyon Res., LLC v. Tanksley*, Case No. 2:15-cv-00656-RFB-VCF,

2018 WL 5116842, at *2 (D. Nev. Oct. 18, 2018) ("Because of [defendants'] inaction, [plaintiff]

cannot litigate its claim against [defendants] on the merits"). Similarly, BoNYM will be severely

prejudiced if a default judgment is not granted because the defendants have shown an

unwillingness to appear or otherwise defend themselves in this action.

The second and third factors, the merits of the plaintiff's substantive claim and the

sufficiency of the complaint, also weigh in favor of default judgment. As discussed fully in the

court's prior order granting BoNYM's motion for summary judgment, because BoNYM's

successor in interest properly and unconditionally tendered the superpriority lien amount,

Airmotive's interest in the property is subject to the first deed of trust. *See* ECF No. 49.

Fourth, default judgment is favored because BoNYM does not request any monetary

damages, but only declaratory relief against the defendants.

Fifth, there is no dispute concerning the material facts. The record shows that in 2006,

Leticia Rangel de Lopez and Luis Lopez-Landeros purchased the property and executed a deed

---

[1] A summons was issued by this court on April 12, 2017. ECF Nos. 8. Luis Lopez-Landeros was later personally served at 7767 Corso Street, Reno, Nevada, 89506, on May 15, 2017. ECF No. 16. On the same day, at the same address, Leticia Rangel De Lopez was served by substitution through her spouse. ECF No. 17.

of trust with lender Alliance Bankcorp and designating Mortgage Electronic Registration Systems Inc. (MERS) as the beneficiary, in the amount of $229,600.00. This deed was recorded in the Washoe County Recorder's Office on December 4, 2006, Document Number 3470178. As this is the declaration BoNYM request this court make, there is no dispute as to these material facts.

Sixth, there is nothing in the record to support that defendants' failure to appear or respond was due to excusable neglect. The Clerk entered default against defendants on July 7, 2017, yet BoNYM didn't file the instant motions until March 29, 2019, giving defendants ample opportunity to correct the default and participate in the action. *See Summit Canyon*, 2018 WL 5116842, at \*2 ("[T]he substantial amount of time in which [defendants] have failed to act suggests a decision on the merits as to [defendants] is not a possibility and the failure to act is not a result of excusable neglect."); *Wells Fargo Fin. Nev. 2, INC. v. Eagle & the Cross, LLC*, Case No. 2:16-cv-1775 JCM (GWF), 2018 WL 6046170, at \*3 (D. Nev. Nov. 11, 2018) (A "failure to appear or otherwise respond to Eagle's third-party claim for more than one year militates against a finding of excusable neglect."). Finally, while public policy favors disposition on the merits, default judgment is appropriate given that the other *Eitel* factors substantial favor default judgment.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that BoNYM's motions for default judgment (ECF Nos. 50 and 51) are **GRANTED**.

IT IS FURTHER ORDERED that the following **DECLARATORY RELIEF IS GRANTED** in favor of BoNYM: Leticia Rangel De Lopez and Luis Lopez-Landeros acquired an ownership interest in real property located at 6185 Arapaho Drive, Sun Valley, NV 89433, subject to the senior deed of trust recorded against the property on December 4, 2006, at Instrument No. 3470178.

///

///

///

1      IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment in favor of

2  BoNYM and against defendants Leticia Rangel De Lopez and Luis Lopez-Landeros.

3

4      IT IS SO ORDERED.

5      DATED this 20th day of May, 2019.

6      _____
      LARRY R. HICKS
      UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28